**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH R. SINAWA,** : | |
| Plaintiff, : | |
| : | **CIVIL ACTION NO. 3:15-1190** |
| v. : | |
| : | **(MANNION, D.J.)** |
| **LACKAWANNA COUNTY,** : | **(MEHALCHICK, M.J.)** |
| Defendant : | |

## MEMORANDUM

Pending before the court is the report of Judge Karoline Mehalchick to whom the above matter was referred, (Doc. 4), which recommends that the plaintiff's complaint, (Doc. 1), be dismissed without prejudice. Based upon the court's review of the record, the court will adopt the report, however, will dismiss the plaintiff's action with prejudice.

By way of relevant background, the plaintiff, Mr. Joseph R. Sinawa, filed the instant complaint against the defendant, Lackawanna County, on June 17, 2015. The plaintiff alleges that he was charged with arson on March 15, 2006 and consequently spent five (5) years in prison. (Doc. 1, ¶ 3). He states that he was released in 2010 and has "[b]een on parole ever sense[sic]." *Id.* ¶ 3. In his complaint, the plaintiff claims that he cannot afford to pay restitution and other costs related to his parole, and that he did not commit the crime for which he was convicted. *Id.* ¶ 3. He now seeks to submit to a "lie detector test" so that he can prove his innocence and "clear [his] name for a crime [he] didn't do." *Id.* ¶ 3. Specifically, he requests that his state court conviction be

expunged. *Id.* ¶ 4. With his initial complaint, the plaintiff also filed a motion to proceed *in forma pauperis*, (Doc. 2), which was subsequently granted by Judge Karoline Mehalchick on August 10, 2015. (Doc. 3).

Judge Mehalchick then screened the plaintiff's complaint pursuant to 28 U.S.C. §1915 and issued a report and recommendation ("R&R"). In her R&R, Judge Mehalchick determined that the complaint failed to state a claim and recommended dismissal. (Doc. 4). Interpreting the plaintiff's complaint as a "claim pursuant to 42 U.S.C. §1983 against Lackawanna County, a municipality," Judge Mehalchick found that the plaintiff failed to allege any elements necessary to demonstrate that Lackawanna County is liable under a theory of municipal liability. *Id.* at 3, 4. Judge Mehalchick further found that this court does not have subject matter jurisdiction to grant the remedy sought by the plaintiff, *i.e.,* expungement of his state court criminal record. *Id.* at 4-5. On these two grounds, Judge Mehalchick recommends that the court dismiss the instant complaint without prejudice and grant the plaintiff leave to amend. (Doc. 4, p. 6). On August 24, 2015, the plaintiff timely filed objections to the R&R. (Doc. 5).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). In the Middle District of Pennsylvania, Local Rule 72.3 provides that objections, which trigger *de novo*

review, shall be written and "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Local Rule 72.3.  Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

In this case, the plaintiff timely filed objections in a document entitled, "Objection." (Doc. 5). However, the plaintiff's Objection solely includes a narrative relating to the circumstances of the plaintiff's 2006 arrest, interrogation, and conviction. (Doc. 5). It does not mention Judge

Mehalchick's R&R at all, and further fails to address any of the grounds for dismissal outlined in the R&R. Because the Objection does not specifically identify any portion of the R&R or provide the basis for the objections, this court finds that the plaintiff's Objection does not satisfy the requirements of Local Rule 72.3, and therefore, does not require *de novo* review. As a result, the court may treat the R&R as if no objections were filed and review the record for clear error.

The court has reviewed the recommended bases for dismissal of the plaintiff's complaint presented by Judge Mehalchick. The court agrees with the sound reasoning that led Judge Mehalchick to most of the conclusions in her report but respectfully disagrees with Judge Mehalchick's determination that the dismissal should be granted without prejudice. Specifically, the court agrees that the plaintiff failed to allege "the essential elements of a municipal liability claim under §1983" and further failed to make any reference to the named defendant and its unconstitutional conduct. (Doc. 4, p.4). The court also agrees with Judge Mehalchick's thorough analysis and conclusion that this court does not have subject matter jurisdiction to expunge the plaintiff's state court criminal records. *Id.* at 4-5.

Judge Mehalchick, lastly, recommended that this court permit the plaintiff leave to amend the complaint because "it is not clear that amendment would be futile" and there is no basis to "believe [an amendment] would be inequitable." (Doc. 4, p. 5). It is this last recommendation with which the court

respectfully disagrees. As the following analysis will demonstrate, the court finds that an amended complaint would be futile and therefore the complaint must be dismissed *with prejudice*. When a complaint is deficient and subject to dismissal, the court generally must give leave to amend in the absence of "undue delay, bad faith, dilatory motive, prejudice, [or] futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); *see also* Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 115 (internal quotations omitted). Accordingly, if an amendment would not be able to cure the deficiency resulting in dismissal, then leave to amend need not be granted.

This court finds that the plaintiff's §1983 claims cannot be cured by amendment and would be futile for failure to state a claim. The plaintiff fails to state a §1983 claim because it is barred pursuant to *Heck v. Humphrey*. 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court clearly held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

*Heck*, 512 U.S. at 486-87. This holding is premised on the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486 (1994).

The Third Circuit has further analyzed the application and effect of *Heck* in §1983 and habeas corpus proceedings:

> It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a §1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In Heck, the Supreme Court held that where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.
>
> Considering Heck and summarizing the interplay between habeas and §1983 claims, the Supreme Court recently explained that,
>
>> "a state prisoner's §1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of the confinement or its duration."
>
> Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (emphasis in original).

Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). Here, the court

agrees with Judge Mehalchick's conclusion that the plaintiff's complaint is based upon §1983 of the United States Code. His claims include assertions that he is innocent of the crime for which he was convicted in 2006, and that he seeks to prove his innocence and have his record expunged. (Doc. 1). Since he directly attacks the validity of his conviction, if the plaintiff were to succeed on his claims, his underlying conviction would necessarily be called into question. Thus, *Heck* requires that, in order to proceed, he must demonstrate his conviction has been invalidated or otherwise overturned. Here, there is no indication from the plaintiff's complaint that his conviction has been invalidated. In fact, a review of the docket in the plaintiff's state court case reflects that his conviction is a result of a guilty plea, and that he filed a petition for post conviction relief in the Lackawanna County Court of Common Pleas, which was denied. *Commonwealth v. Sinawa*, Court of Common Pleas of Lackawanna County, Docket No. CP-35-CR-0748-2006. The plaintiff then filed a petition for writ of habeas corpus in the Western District of Pennsylvania, which was denied on October 29, 2009. *Sinawa v. Rozum*, W.D. Pa., Docket No. 3:09-cv-225 (closed Oct. 29, 2009). In sum, the plaintiff pled guilty, served his entire sentence, and was denied habeas corpus relief at the state and federal level. The plaintiff's §1983 claim is therefore barred under *Heck* because it explicitly seeks to challenge the plaintiff's conviction and no favorable termination or prior invalidation of his conviction has occurred. Because the plaintiff has sought habeas corpus relief, and been

7

denied, he has no opportunity to invalidate his prior conviction through writ of habeas corpus in the future. In addition, he pled guilty and therefore no direct appeal has or could invalidate his conviction. Finally, this court sees no indication that the plaintiff's conviction will be expunged by executive order or declared invalid by a state tribunal authorized to make such determination.[1] Thus, his conviction has and will not be invalidated, and as a result, his §1983 action is barred pursuant to *Heck*. Because the plaintiff cannot state a claim, amendment to his complaint is deemed futile. *See* Miller v. Commonwealth of Pennsylvania, 588 Fed. Appx. 96, 97 (3d Cir. 2014), *reh'g denied* (Jan. 6, 2015), *cert. denied sub nom.* Miller v. Pennsylvania, 135 S. Ct. 1900 (2015) (finding that "amendment to Miller's complaint would be futile" because his §1983 claims were barred by *Heck,* and that "the District Court properly dismissed the complaint with prejudice").

However, assuming arguendo that the plaintiff's complaint includes §1983 claims for his treatment by police officers during his initial arrest and interrogation that do not call into question the validity of his conviction or sentence, his claims would still be barred by the statute of limitations. "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury

---

[1] *See* Judge Mehalchick's Report and Recommendation for a finding that this court lacks subject matter jurisdiction to expunge the plaintiff's state court criminal record.

claims. Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989)." Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). In Pennsylvania, personal injury actions are assigned a two-year statute of limitations. 42 Pa.C.S. §5524. Therefore, a §1983 claim that arises in Pennsylvania is governed by a two-year statute of limitations.

Here, the plaintiff filed his complaint on June 17, 2015. (Doc. 1). His claims must have accrued within two years prior to June 17, 2015, or they are barred by the statute of limitations. Accrual is determined pursuant to federal law. Dique v. New Jersey State Police, 603 F.3d 181, 185-86 (3d Cir. 2010). Accrual occurs, or "the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id.* (quoting Wallace v. Kato, 549 U.S. 384, 391 (2007)). All of the allegations presented in the plaintiff's complaint and in his Objection to the R&R focus upon the circumstances of his arrest and his subsequent interrogation by police officers. The arrest and interrogation occurred and his claims accrued on or around March 15, 2006, nearly ten years prior to the date the plaintiff commenced this action. *Commonwealth v. Sinawa*, Court of Common Pleas of Lackawanna County, Docket No. CP-35-CR-0748-2006. Because this date is well outside of the applicable two-year time-frame, any claims that the plaintiff may have relating to his arrest and interrogation are barred by the statute of limitations and therefore would be futile.

In conclusion, the court adopts all Judge Mehalchick's

recommendations, except for the recommendation that the complaint be dismissed without prejudice. The court departs from this recommendation and instead, based upon the foregoing analysis, will dismiss the plaintiff's complaint *with prejudice*. An appropriate order shall issue.

                                         s/ *Malachy E. Mannion*
                                         **MALACHY E. MANNION**
                                         **United States District Judge**

**Date: April 1, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1190-01.wpd